## J. F. COLBURN *vs.* J. C. WHITE.

### MANDAMUS.

HEARING, OCTOBER 20, 1891.   DECISION, OCTOBER 24, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.   McCULLY, J., ABSENT.

The exercise of a discretionary power by an officer will not be interfered with under an application for a writ of mandamus.

Official duties, arising from contract relations solely, will not be enforced by mandamus.

### OPINION OF THE COURT, BY DOLE, J.

This is an application for a writ of mandamus addressed to John C. White, Superintendent of Water Works, directing him to turn on the water from the Government pipes to the premises of the petitioner, or show cause why he should not do so.

It is alleged by the petitioner that he has enjoyed a Government water privilege on his premises in Honolulu for many

years and has paid for the same for the present half year, and that on October 13th the respondent, contrary to his duties as such Superintendent of Water Works and to the rights of petitioner, shut off the water from the said premises and refuses to turn it on again, to the injury of the petitioner.

The respondent admits cutting off the petitioner's water, and claims that it was his duty to do so; he exhibits the regulations of the Water Works, promulgated by the Minister of Interior, and alleges drouth and scarcity of water, and notice to the public limiting irrigating privileges to two hours a day, *i.e.*, from 7 to 8 o'clock A.M. and 5 to 6 o'clock P.M., and that petitioner regardless of the said notice and regulations has, from time to time during the last three months, used water for irrigation at times not allowed by the said regulations and notice, and has wasted large quantities of water by allowing leaking pipes to remain unrepaired.

A considerable mass of evidence was produced in support of the allegations on both sides, and rebutting the allegations that the petitioner had disobeyed the regulations. The regulations of the Water Works contain the following Articles: " 6. Consumers shall prevent all unnecessary waste of water, and shall make no concealment of the purposes for which it is used." " 11. All service pipes shall be kept clear and in good repair by the holder of the privilege at his own expense." " 16. Irrigation shall be confined to the hours that shall be published from time to time by the Superintendent of Water Works." " 17. Violation of any of these rules and regulations shall terminate the privilege, and the water shall be cut off and shall not be turned on again until the payment of all costs and expenses."

If discretion is vested in an officer in regard to a certain act, the Court, upon an application for a writ of mandamus to compel him to do or undo the act, cannot consider the question of official duty.

In the case before us, if the shutting off of the water privilege for a breach of the regulations was a matter of discretion with the Superintendent, this Court, on this application, may not en-

deavor to ascertain whether or not he acted with faultless judgment, if it appears that he acted in good faith and in the exercise of his discretion.

It appears from the evidence that the Superintendent is empowered by the regulations to cut off the water from the premises of any holder of a privilege in case of a violation of any of the regulations. (Art. 17.) To ascertain whether or not there has been a violation requires an examination into the circumstances, often a hearing of testimony and a weighing of the evidence and a conclusion; it is an act of a judicial nature and is therefore a discretionary matter. If the respondent has exercised this discretion, we may not interfere through a writ of mandamus.

There is evidence that the petitioner had committed breaches of the regulations, which, though denied by him and rebutted by his evidence, is sufficient to support the position that, rightly or wrongly, the respondent, as Superintendent of the Water Works, exercised his discretion in the matter. *State vs. Board Fire Coms.*, 26 Ohio, 31–32; *Bradley vs. Thurston*, 7 Hawn., 523.

There is another standpoint from which this issue may be considered on the evidence, *i.e.*, the obligation of the respondent to furnish the petitioner with water, arising from the contract between the parties. If this obligation comes solely from the contract, it may not be enforced by mandamus. " Duties imposed upon a corporation, not by virtue of express law or by the conditions of its charter, but arising out of contract relations, will not be enforced by mandamus, since the use of the writ is limited to the enforcement of obligations imposed by law." *State vs. Paterson*, 16 Ohio, 512. " Purely contract obligations involving no trust cannot be enforced by mandamus." *State vs. S. & M. T. Co.*, 16 Ohio, 318–9. This view of the case is in the nature of an alternative one, as a contract obligation is not imposed by law and may not be a matter of discretion.

The application is dismissed.

*A. P. Peterson,* for petitioner.

*F. M. Hatch,* for respondent.